| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>**Jennifer Ann Aragon**<br>**717 W. Temple Street**<br>**Suite #201**<br>**Los Angeles, CA 90012**<br>**(213) 482-2300 Fax: (213) 482-2054**<br>**176487**<br>**JenAragon@aol.com**<br><br>☐ *Individual appearing without attorney*<br>☐ *Attorney for* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**SEP 28 2016**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY bakchell    DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
|---|---|

**NOT FOR PUBLICATION**
**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION**

| In re:<br><br>**Magdalena Velasco**<br><br><br><br>Debtor(s). | CASE NO.: **2:16-bk-16430-RK**<br>CHAPTER: **7**<br><br>**ORDER ☐ GRANTING ☒ DENYING**<br>**MOTION TO AVOID LIEN UNDER**<br>**11 U.S.C.§ 522(f) (REAL PROPERTY)**<br><br>☒ No hearing held<br>☐ Hearing held<br>Date:<br>Time:<br>Courtroom:<br>Place: |
|---|---|

**Creditor Holding Lien to be Avoided** (name): **California Business Bureau**

The Motion was: ☐ Opposed  ☒ Unopposed  ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt.    The court finds and orders as follows:

1. ☒ Notice of this Motion complied with LBR 9013-1(d).

2. ☒ Notice of this Motion complied with LBR 9013-1(o).

   a. ☒ There was no opposition and request for hearing.
   b. ☐ Hearing requested and held as indicated in the caption.

3. The real property to which this order applies is as follows:
   a. Street address *(specify)*: **7627 Crossway Drive, Pico Rivera, CA 90660**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 1**F 4003-2.1.AVOID.LIEN.RP.O**

    b. Legal description *(specify)*:             ☒ See attached page

4. Recording information regarding lien to be avoided:
   a. Date of recordation of lien *(specify)*: **03/31/2010; 08/18/2014**
   b. Recorder's instrument number or map/book/page number *(specify)*:

5. ☐ Motion granted:
   a. ☐ The judicial lien sought to be avoided impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(d)
   b. ☐ The judicial lien is hereby declared void and unenforceable:
      (1) ☐ In its entirety
      (2) ☐ In the following amount *only*: $_____. The balance of $_____ remains a valid and enforceable lien against the property.

6. ☒ Motion denied on the following grounds:     ☐ with prejudice     ☒ without prejudice
   a. ☒ Insufficient notice. **The creditor's name is spelled wrong in the notice of motion (on page 1 of the notice of motion and motion), raising an issue of sufficiency of notice. The word "Bureau" is missing the last letter ("u"), which may or may not be material. The notice of motion should have the correct spelling of the creditor's name in an amended notice of motion. However, in the alternative, Movant has the option of briefing the sufficiency of notice in the original motion with the misspelled creditor's name to persuade the court that the misspelled creditor's name is not material and notice despite the misspelling is sufficient.** *See, e.g.,* **Haye v. United States,** 461 F. Supp. 1168 (C.D. Cal. 1978); *see also,* Morten Lund, *Jagged Rocks of Wisdom: Professional Advice for the New Attorney* **at 1-14 (2007)("Rule Number 1: Proofread," "Rule Number 2: Proofread Again," and "Rule Number 3: Everything is Your Fault")(mandatory reading for all law clerks and externs in this judge's chambers).**
   b. ☐ Insufficient evidence of the exempt status of the property in question
   c. ☐ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).
   d. ☒ Insufficient evidence of fair market value. **A Zillow.com opinion by unknown parties with unknown qualifications is neither admissible nor credible evidence of valuation of the subject property, and neither would be the opinion of the lay owner unless there is a detailed explanation and analysis of how the person giving the valuation opinion arrived at the opinion of value based on scientifically accepted principles (i.e., sales comparables analysis). Fed. R. Evid. 701 and 702; see also, In re Meeks, 349 B.R. 19, 22 (Bankr. E.D. Cal. 2006); 2 Russell, Bankruptcy Evidence Manual, Section 701.2 at 845 (2015-2016). The court generally requires an appraisal by a licensed appraiser or a licensed real estate broker or agent in a declaration under penalty of perjury based on an appropriate sales comparables analysis to support a lien avoidance motion under 11 U.S.C. 522(f).**
   e. ☐ Motion is incomplete.
   f. ☐ Other *(specify)*:_____

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*                         Page 2 **F 4003-2.1.AVOID.LIEN.RP.O**

7. ☒ The court further orders as follows (specify):  **The court grants leave to Debtor to file an amended motion which corrects these deficiencies within 60 days of entry of this order.**

☐ See Attached Page

###

Date: September 28, 2016

Robert Kwan
United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2013*     Page 3 **F 4003-2.1.AVOID.LIEN.RP.O**